MARGARET L. GOODRIDGE, RESPONDENT, v. ALFRED CREW, Jr., ET AL., EXECUTORS, ETC.. APPELLANTS.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellants, *Addison P. Rosenkrans.*

For the respondent, *Peter J. McGinnis.*

PER CURIAM.

The plaintiff brought the present suit upon a parol contract entered into between her husband and the defendants' testator somewhere about the year 1910, by the terms of which the latter, one Alfred Crew, promised Goodridge, who was in his employ looking after the financial end of Crew's business, that if he would continue in that employment as long as he lived—that is, as long as Crew lived—he would amply provide for Goodridge and his wife during their natural lives; or, in the event that Goodridge died before him, he would provide a pension for Mrs. Goodridge for her life. Pursuant to this contract Goodridge remained in Crew's employment until the former's death in March, 1926. Crew died in October of the same year. After his death his executors refused to recognize any obligation arising out of the contract between these two men and declined to pay Mrs. Goodridge anything by reason thereof. She thereupon brought the present suit.

The validity of the contract was not attacked. The only question raised by the defendants was one of fact, namely, whether this contract had ever been entered into between Crew and Goodridge. The jury found that it had been and rendered a verdict in favor of Mrs. Goodridge, awarding her $29,250. The defendants have appealed from the judgment entered on this award.

The only grounds relied upon for reversal are directed at alleged errors in the admission of testimony tending to show

the amount of the estate which Crew left at his death and the extent of the business carried on by him as indicated by his bank balances from time to time during his lifetime and after the making of the alleged contract. Crew was engaged in the business of silk dyeing and finishing, and the financial part of the business, as has already been stated, was entrusted to Goodridge. The value of the services rendered by the latter naturally must have depended largely upon the size of the business and the income and outgo therefrom. In other words, the value of the services of the financial agent of a concern which is carrying on a business of many thousands of dollars a year is much greater than the value of services rendered by such an agent in a business which is earning only a few thousand dollars a year; and the amount of the principal's bank account from time to time, and the amount of the estate left by him at his death, and which it was shown was largely the result of the profits accruing from the business while Goodridge was in his employ, were material as indicating the value of the services rendered by Goodridge to his employer, those services being a material element in determining what would be a fair pension for the plaintiff in case her husband's death occurred during the lifetime of Crew.

We conclude that there was no error in the admission of the testimony referred to, and, as the validity of the contract was not involved in the litigation, the judgment under review will be affirmed.